IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| JOHNATAN MOLINA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 3:2-CV-00070-KC |
| B2B XPRESS INC.; FEDEX GROUND § | |
| PACKAGE SYSTEM, INC.; and § | |
| CRISTOFER GUERRERO ABREJO; § | |
| § | |
| Defendants. § | |

# PLAINTIFF'S ORIGINAL FEDERAL COURT COMPLAINT

Defendant Abrejo was driving FedEx and B2B Xpress Inc.'s 18-wheeler when he violently rear-ended Plaintiff's 18-wheeler causing multi-vehicle collision. Plaintiff brings this lawsuit to recover damages for injuries he suffered in the motor vehicle crash.

## I.
## NATURE OF THE CASE

1. This negligence case arises from a September 25, 2022 motor vehicle collision. Plaintiff brings this lawsuit to recover personal injury damages against Defendants.

## II.
## PARTIES

2. Plaintiff Johnatan Molina, an adult, is a resident and citizen of Texas.

3. Defendant B2B Xpress Inc. is a company with its office located at 28188 Moulton Parkway, Laguna Niguel, CA 92677. ***Defendant has filed an answer and made an appearance herein.***

4. Defendant FedEx Ground Package System, Inc. is a company with offices located at 1000 Fedex Drive, Corapolis, PA 15108. *Defendant has filed an answer and made an appearance herein.*

5. Defendant Cristofer Guerrero Abrejo a/k/a Cristofer M. Guerrero Abrego (Herein "Abrejo") is a person. Plaintiff requests that Defendant be served by mail or that the Secretary of State serve Defendant. Defendant may be served at 417 ¾ S. Boyle Avenue #A, Los Angeles, CA 90033, or wherever he may be found. *Defendant has filed an answer and made an appearance herein.*

### III.
### JURISDICTION & VENUE

6. The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars, exclusive of interest and costs. Plaintiff is a citizen of Texas. Plaintiff received medical treatment in El Paso and receives income based on his connections to El Paso, Texas. All Defendants conduct business in, transport goods through, and/or travel through the state of Texas.

7. Defendant Abrejo is a resident of California. Defendant B2B Xpresss is a company from California. Defendant FedEx is a company of the State of Pennsylvania.

8. The District Court may exercise general and specific personal jurisdiction over these Defendants because all Defendants had sufficient minimum contacts with the State of Texas, and the exercise of jurisdiction over these defendants comports with traditional notions of fair play and substantial justice. Defendants committed a tort in Texas and Plaintiff's claims arise out of and are related to Defendants' contacts with Texas. Further, all Defendants have continuous and systematic contacts with Texas by, among other acts, soliciting business in Texas, contracting with Texas

residents/companies to provide transportation of goods in or through Texas. Defendant FedEx maintains a website indicating that Texas is part of its service area for the purpose of conducting business in Texas, and sending its employees and agents to work and train in Texas. As a result of its regular business dealings in Texas, Defendant B2B Xpress Inc. can reasonably expect to be brought into court in Texas. Defendant B2B Xpress Inc. specifically authorized and instructed Defendant Abrejo to be in Texas on or about September 25, 2022, when Defendant Abrejo caused the crash that is the subject of this litigation. Defendant Abrejo was present in Texas in the course and scope of his employment with Defendant B2B Xpress Inc. and/or FedEx when he caused the crash that is the subject of this litigation.

9. ==The cause of action was originally filed in Texas State Court. It was removed to Federal Court by Defendants== B2B Xpress Inc. and FedEx. The Court denied Plaintiff's motion for remand, and, over Plaintiff's objection, the Court dismissed FC Enterprise, a citizen of Texas and a party in the petition filed in Texas State Court.

## IV.
## INCIDENT IN QUESTION

10. On September 25, 2022, Plaintiff was driving west on I-10 in a 2012 Kenworth with a trailer in tow. Due to construction, Plaintiff and his truck/trailer combination came to a complete stop. As he was stopped, a 2021 Freightliner being driven by Defendant Abrejo with a trailer in tow violently rear-ended Plaintiff's vehicle. The force of the impact pushed Plaintiff's vehicle forward causing an impact with a 2020 Santa Fe Hyundai being driven by Robert Dolen. Dolen's vehicle was then pushed into a 2021 white GMC Yukon being driven by Cheryl Foster. Defendant Abrejo failed to keep a proper lookout and failed to stop in time to avoid a collision.

11. Defendant B2B Xpress Inc. and/or FedEx entrusted its 18-wheeler to a driver it knew or should have known reckless or unfit. No reasonable company would have allowed Defendant Abrejo to drive a commercial motor vehicle had it performed an adequate background check on Abrejo.

12. Plaintiff was contracted with FC Enterprise at the time of the collision.

13. Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence, and gross negligence, which proximately and producingly caused the injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, and for the rest of his life.

## V.
## DEFENDANT ABREJO:
## NEGLIGENCE, GROSS NEGLIGENCE, AND NEGLIGENCE PER SE

14. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

15. At all material times, Defendant Abrejo had a duty to act as a reasonably prudent driver under the same or similar circumstances.

16. Each of the negligent and grossly-negligent acts and/or omissions described herein, whether taken singularly or in any combination, was the proximate cause of the injuries and Plaintiff's damages that are described below with more particularity

17. Defendant Abrejo breached this duty and committed acts and/or omissions that constitute negligence and gross negligence, as those terms are defined in law, including, but not limited to, the following:

    a. Failing to keep a proper lookout;

    b. Failing to avoid causing a crash;

c. Failing to maintain a single lane;

d. Failing to maintain proper distance between his vehicle and Plaintiff;

e. Failing to yield the right of way;

f. Failing to maintain a proper speed;

g. Failing to maintain control over his vehicle;

h. Driving while distracted and/or fatigued;

i. Failing to control speed;

i. Other acts or omissions that may be discovered.

## VI.
## DEFENDANT B2B XPRESS INC. and FEDEX:
## NEGLIGENCE; NEGLIGENT HIRING, TRAINING, SUPERVISING, AND RETAING; AND GROSS NEGLIGENCE

18. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

19. At all times relevant to the allegations of this Complaint, Defendants B2B Xpress Inc. and FedEx each had a duty to act as a reasonable and prudent employer and/or principal and to use reasonable care in its operations.

20. Defendants B2B Xpress Inc. and FedEx breached their duties and committed acts and/or omissions that constitute negligence, gross negligence, and negligence per se, as those terms are defined in law, including, but not limited to, the following:

   a. Failure to provide adequate training to its drivers in the operation of its vehicle;

   b. Failure to provide training which met industry standards;

   c. Failure to train its drivers to operate motor vehicles in accordance with the law, ordinances and regulations of the State of Texas and federal laws, ordinances, and regulations;

   d. Negligent hiring, supervision, retention, training, and entrustment;

e. Failing to exercise reasonable care in the selection and monitoring of its drivers;

f. Failing to enforce its safety policies, if any, provided to its drivers;

g. Failing to develop, train, and enforce industry-standard driver and safety policies;

h. Failure to train Defendant Abrejo in the operation of his vehicle while in the course and scope of his employment and/or otherwise on Defendant B2B Xpress Inc.'s/FedEx business;

i. Failure to adequately investigate Defendant Abrejo;

j. Failure to perform an appropriate review of Defendant Abrejo;

k. Failure to properly and adequately test the driving skills of Defendant Abrejo prior to allowing him to operate a vehicle on Defendant B2B Xpress Inc./FedEx's business;

l. Failure to implement and maintain a driver safety program and driver safety procedures;

m. Failure to provide proper supervision of Defendant Abrejo in his duties as a company driver; and

n. Other acts or omissions that may be discovered.

21. Each of the foregoing negligent and grossly-negligent acts and/or omissions, whether taken singularly or in any combination, was the proximate cause of the injuries and Plaintiff's damages that are described below with more particularity.

## VII.
## RESPONDEAT SUPERIOR/ VICARIOUS LIABILITY

22. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

23. Plaintiff would show that at the time of the incident made the basis of this lawsuit, Abrejo was engaged in the course and scope of his employment with Defendants B2B Xpress Inc. and FedEx. Defendant Abrejo is also considered their statutory employee.

Therefore, Defendants B2B Xpress Inc. and FedEx are responsible and liable for the conduct of Abrejo based on the doctrine of *respondent superior*.

24. In the alternative, Plaintiff would show at the time of the crash made the basis of this lawsuit, Defendant Abrejo was acting as a representative and/or agent/sub-agent of Defendants B2B Xpress Inc. and FedEx. Therefore, Defendants B2B Xpress Inc. and FedEx are responsible and liable for the conduct of Defendant Abrejo based on agency and sub-agency principles.

## VIII.
## DAMAGES

25. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully set forth herein.

26. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the court.

27. As a proximate and producing result of the conduct of Defendants, Plaintiff suffered serious injuries and resulting damages.

28. Plaintiff seeks damages from Defendants to compensate him for the following elements of damages, including but not limited to:

    a) Past and future physical pain and mental anguish;

    b) Past and future loss of earning capacity;

    c) Past and future lost wages;

    d) Past and future impairment;

    e) Past and future disfigurement; and

    f) Past and future medical expenses.

## X.
## EXEMPLARY DAMAGES

29. As a result of Defendants' malice and gross negligence, Plaintiff seeks exemplary damages against Defendants. Defendants' acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and to others. Defendants had actual subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiff and others. Therefore, for such negligence involving extreme risk and conscious indifference of Defendants, Plaintiff seeks exemplary damages in an amount to be determined appropriate by the jury at trial.

## IX.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

30. Plaintiff seeks pre-judgment and post-judgment interest at the highest rate allowed by law.

## X.
## REQUEST FOR JURY TRIAL

31. Plaintiff requests a jury trial and tender the appropriate fee.

## XI.
## CONDITIONS PRECEDENT

32. All conditions precedent have occurred or have been performed.

## XII.
## PRAYER

Plaintiff prays that, upon final trial by jury, that he recover judgment of and from Defendants for their actual damages, in such amount as the evidence may show and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of suit, exemplary damages, and such other and further relief to which Plaintiff may show he is justly entitled, whether at law or in equity.

Respectfully submitted.

By: _____
Todd A. Hunter, Jr.
Texas State Bar No. 24087774
Federal Bar No. 2174318
todd@lileswhite.com
Stuart R. White
Texas State Bar No. 24075268
Federal Bar No. 1144883
stuart@lileswhite.com
Kevin W. Liles
Texas State Bar No. 00798329
Federal Bar No. 21501
kevin@lileswhite.com
Rob George
rob@lileswhite.com
Texas State Bar No. 24067623
Federal Bar No. 2229517

**LILES WHITE PLLC**
500 N. Water St., Suite 800
Corpus Christi, TX 78401-0232
Tel: 361.826.0100
Fax: 361.826.0101
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

    The undersigned attorney certifies that a true and correct copy of the foregoing instrument was forwarded to all counsel of record, as listed below, by the method of service indicated, on this 21st day of August 2023.

*Via Electronic Service*
William M. Toles
State Bar No. 00798550
wtoles@munsch.com
Kelly E. Wise
State Bar No. 24075956
kwise@munsch.com
Isabelle Hutchinson
State Bar No. 24116551
ihutchinson@munsch.com
500 N. Akard, Suite 3800
Dallas, Texas 75201
Telephone: 214-855-7500
Facsimile: 214-855-7584
**ATTORNEYS FOR DEFENDANT**
**FEDEX GROUND PACKAGE SYSTEM, INC.**